UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:18-CR-296 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| PABLO GUZMAN-HERNANDEZ, | |
| Defendant(s). | |

Presently before the court is defendant Pablo Guzman-Hernandez' ("Guzman-Hernandez") motion to dismiss. (ECF No. 21). The government filed a response. (ECF No. 28). Guzman-Hernandez did not file a reply and the time to do so has passed.

**I.  Facts**

On February 25, 2005, Guzman-Hernandez was removed from the United States by an administrative removal order following his conviction for possession for sale of a controlled substance (methamphetamine), in violation of California Health and Safety Code ("CHSC") § 11378. (ECF Nos. 21, 28). From July 2011 to June 2014, Guzman-Hernandez was removed from the United States on three separate occasions by a reinstatement of the original removal order. *Id*. On July 29, 2014, Guzman-Hernandez was removed from the United States for a fifth time pursuant to an expedited removal order. *Id*.

On August 21, 2018, Immigration and Customs Enforcement ("ICE") found Guzman-Hernandez at the Las Vegas City Detention Center following his arrest for buy/possess stolen property. (ECF No. 28). ICE issued a detainer and placed Guzman-Hernandez into federal custody. *Id*.

**James C. Mahan**
**U.S. District Judge**

On September 19, 2018, a grand jury indicted Guzman-Hernandez on a single count of deported alien found unlawfully in the United States, in violation of 8 U.S.C. § 1326. (ECF No. 1). Now, Guzman-Hernandez moves to dismiss the indictment. (ECF No. 21).

## II. Legal Standard

Federal Rule of Criminal Procedure 12(b) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). A pretrial motion to dismiss is not the proper vehicle for a summary trial on the evidence. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996). Rather, courts adjudicate Rule 12(b) motions only when they involve questions of law. *United States v. Schulman*, 817 F.2d 1355, 1358 (9th Cir. 1987).

In ruling on a pretrial motion to dismiss, "the district court is bound by the four corners of the indictment." *United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014). "If the pretrial claim is substantially founded upon and intertwined with evidence concerning the alleged offense, the motion falls within the province of the ultimate finder of fact and must be deferred." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986) (quotes and citation omitted). A district court can, however, make preliminary findings of fact necessary to decide questions of law when doing so does not resolve issues properly left to the fact-finder. *Id*

## III. Discussion

Guzman-Hernandez argues that the court should dismiss the indictment because the underlying deportation orders are invalid. (ECF No. 21). The court disagrees.

"For a defendant to be convicted of illegal reentry under 8 U.S.C. § 1326, the government must establish that the defendant left the United States under order of exclusion, deportation, or removal, and then illegally reentered." *United States v. Raya–Vaca*, 771 F.3d 1195, 1201 (9th Cir. 2014) (internal quotation marks and citation omitted). "A defendant charged under § 1326 has a due process right 'to collaterally attack his removal order because the removal order serves as a predicate element of his conviction.'" *Id.* (quoting *United States v Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004))

To show that a prior deportation is an improper basis for an illegal reentry charge under § 1326, "a defendant must demonstrate that (1) he exhausted the administrative remedies available for seeking relief from the predicate removal order; (2) the deportation proceedings 'improperly deprived [him] of the opportunity for judicial review'; and (3) the removal order was 'fundamentally unfair.'" *Raya–Vaca*, 771 F.3d at 1201 (quoting 8 U.S.C. § 1326(d)) (brackets in original). "To satisfy the third prong . . . the defendant bears the burden of establishing both that the deportation proceeding violated his due process rights and that the violation caused prejudice." *Id*. (internal quotes, citation, and brackets omitted).

Guzman-Hernandez argues that his removal order was fundamentally unfair because it improperly treated a violation of CHSC § 11378 as an aggravated felony for immigration purposes. (ECF No. 21). Guzman-Hernandez' contention is inconsistent with mandatory authority from the Ninth Circuit.

8 U.S.C. § 1227(a)(2)(A)(iii) authorizes removal if an alien has committed an aggravated felony. In determining whether a state offense is an aggravated felony, courts initially use the categorical approach. *See Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013). A state offense is an aggravated felony under the categorical approach when its elements are the same as, or are narrower than, the elements of a generic federal crime. *Descamps v. United States*, 570 U.S. 254, 257 (2013). When a statute contains several crimes, court employ the modified categorical approach and determine whether a defendant's specific conviction was an aggravated felony. *Moncrieffe*, 569 U.S. at 191.

In *United States v. Verduzco-Rangel*, the Ninth Circuit held that the modified categorical approach applies to CHSC § 11378 as the state statute contains multiple offenses. *United States v. Verduzco-Rangel*, 884 F.3d 918, 921 (9th Cir. 2018). The Ninth Circuit further held that possession for sale of a controlled substance (methamphetamine) is an aggravated felony under the Immigration and Nationality Act ("INA") because the offense has a trafficking element, requires a sufficiently culpable state of mind, and methamphetamine is a federally controlled substance. *Id*. at 923.

**James C. Mahan**
**U.S. District Judge**

- 3 -

Here, Guzman-Hernandez was convicted of possession for sale of a controlled substance (methamphetamine) and subsequently removed based on that conviction. (ECF Nos. 21, 28). Because Guzman-Hernandez' conviction under CSHC § 11378 is an aggravated felony, the removal order was not fundamentally unfair. *See Verduzco-Rangel*, 884 F.3d at 923 (holding that removal under § 1227(a)(2)(A)(iii) based on a conviction for sale of controlled substance (methamphetamine) in violation of CSHC § 11378 is not fundamentally unfair).

**VI.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 21) be, and the same hereby is, DENIED.

DATED May 23, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -